# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:23-CR-067** |
| | : | |
| **Plaintiff,** | : | **JUDGE Hopkins** |
| | : | |
| **v.** | : | |
| | : | **GOVERNMENT'S SENTENCING** |
| | : | **MEMORANDUM** |
| **ELHANAN PITTMAN,** | : | |
| | : | |
| **Defendant.** | : | |

Comes now the United States, by and through undersigned counsel, and respectfully files this sentencing memorandum in the matter of the defendant Elhanan Pittman. On October 25, 2023, Mr. Pittman entered a plea of guilty to Count Two of the Indictment charging him with Possession of an Illegal Machine Gun. The final Pre-Sentence Report has recommended a total offense level of 25 and with a criminal history score of VI. The corresponding sentencing range is 110 to 120 months.

The guideline calculations as to the firearm are disputed. There is one noted objection. The defendant has objected to the use of a prior conviction for aggravated robbery as a crime of violence. Research of very recent case law compels the United States to concur with that objection. This offense was determined to be no longer a crime of violence due to a lack of mens rea in the statute. *United States v. Jamael White*, 58 F.4th 889 (6th Cir. 2023). The probation officer has determined that the offense is a crime of violence and cited a pending matter of *United States v. Ivy* that has yet to be decided by the Court of Appeals. Should this Court determine that *White* applies, the correct guideline range is a level 21 with a criminal history of VI and a corresponding sentencing range of 77 to 96 months. That is the range that the government and defense counsel used to calculate the agreed upon sentence.

The statutory factors for sentencing pursuant to Title 18, U.S.C.§ 3553(a) speak of a number of factors. The first is the nature and circumstances of the offense and the history and characteristics of the defendant. Here the nature of the offense is obviously serious. The defendant obviously is a recalcitrant criminal with a history of violence and firearms violent past that begins at the age of 12.

The second factor is also satisfied by the sentence recommended. It would reflect the seriousness of the offense and provide a guideline punishment for Mr. Pittman.  It is also of a length where he could receive counseling and job training if he so wishes so that he may finally become a productive member of society. A sentence as suggested offers a chance at vocational training as well as mental health, substance abuse, support, and counseling.

The sentence also satisfies the kind of sentence available and is not disparate from others in his situation of level of involvement in this case.

To conclude, the United States has recommended a term of imprisonment that it believes to be fair and reasonable, adequately reflects the seriousness of the crime, and provides the defendant a benefit for his cooperation.  It respectfully requests that the Court accept the terms of the plea and sentence the defendant to a term of imprisonment of seventy-eight (78) months followed by an appropriate period of supervised release.

Respectfully submitted,

KENNETH L. PARKER
UNITED STATES ATTORNEY

*s/Timothy D. Oakley*
TIMOTHY D. OAKLEY (OH 39965)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served this 2nd day of February 2024, electronically on Richard Monahan, Attorney for defendant.

*s/Timothy D. Oakley*

TIMOTHY D. OAKLEY (OH 39965)
Assistant United States Attorney